ORIGINAL
CTJR/MT
FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION
2009 OCT 19  AM 10: 08
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHNNY SMITH, § | |
| § | |
| Plaintiff, § | |
| § | |
| § | |
| § | CIVIL ACTION NO. |
| VS. § | 4-09 CV-619-Y |
| § | |
| § | |
| MINERAL WELLS INDEPENDENT § | |
| SCHOOL DISTRICT, § | |
| § | |
| Defendant. | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Johnny Smith ("Smith" or "Plaintiff"), files this his Original Complaint and Jury Demand against Mineral Wells Independent School District, Defendant ("Defendant"), to redress certain grievances arising under the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended, the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Chapter 451 of the TEX. LAB. CODE, Section 451.001, *et seq.*  For this cause of action, Smith would show the Honorable Court as follows:

**PARTIES, JURISDICTION AND VENUE**

I.

Smith is an African-American male with a qualified disability under the ADA.  Smith has worked for the Defendant as a dedicated Maintenance and Transportation (School Bus) services employee for approximately seventeen (17) years with an exemplary record.  Smith had every intention of continuing his dedicated and loyal employment with the Defendant and had no plans on retiring from the District based on his love of the work and interaction with the school children.  Smith resides in Mineral Wells, Palo Pinto County, Texas.

II.

Defendant is an employer subject to the ADA as defined in 42 U.S.C. 12131(1)(B). Defendant is authorized to do business and is doing business in this judicial district. Defendant may be served with process through its registered agent, James Collins, Ed.D., Superintendent Mineral Wells Independent School District, 906 S.W. 5th Avenue, Mineral Wells, Texas 76067.

III.

This Court has jurisdiction to hear the merit of Plaintiff's claims under 28 U.S.C. § 1331 and 42 U.S.C. § 12117(a). This Court has jurisdiction to hear the merit of Plaintiff's state claims under 28 U.S.C. § 1367. Venue in this district is proper under 28 U.S.C. § 1391(b).

IV.

All the acts alleged herein occurred in Palo Pinto County.

V.

In February 2007, Smith was injured at work where he suffered a debilitating injury to his right knee after falling from newly painted steps leading into the school building. Smith made a claim against the Defendant's workers' compensation insurance carrier and received temporary income benefits after attempting to work for a period of time following his injury. Smith was unable to work during his recovery, which included surgery, pain management medication, and rehabilitation to his right knee.

VI.

At some point after Mr. James Bradford became Smith's immediate supervisor, he and Smith were having a conversation. During that conversation, Mr. Bradford called Smith an "old Black boy."

VII.

On or about May 8, 2008, Defendant offered, and Smith accepted, a bona fide return to work offer of employment where Smith would continue to be productive in his Maintenance and Transportation service duties for the Defendant while continuing his rehabilitation, but where Smith's duties were restricted to light-duty assignments as required by his treating physician.

VIII.

After Smith began working the new job assignment he received on or about May 8, 2008, he was walking down the hall and encountered a gentleman. The gentleman was having a conversation with Mr. Bradford's secretary. That gentleman told Mr. Bradford's secretary to pass a message for him onto Mr. Bradford saying, "tell James he does have an old Black boy working for him who is hurt." Smith believes that based on that statement, the gentleman was an investigator hired by the Defendant who observed Smith to verify that Smith was in fact suffering from an on-the-job injury. While the gentleman was speaking to Mr. Bradford's secretary, she noticed Smith's presence; based on her observation of Smith, she said nothing in response to the gentleman's statement.

IX.

On or about October 2, 2008, Smith suffered another work related injury but to his left knee. Smith reported the injury to Mr. Bradford the next morning, October 3, 2008. Mr. Bradford's response to Smith was that the new injury should not be workers' compensation related and that Smith should take personal responsibility for the work-related injury to his left knee. Smith then informed Ms. Debbie Clark of the work-related injury; Ms. Clark manages such claims for the Defendant, and a workers' compensation injury was reported to the Defendant's insurance carrier thereafter on Smith's behalf.

X.

As a result of the injuries to Smith's on-the-job injury to his right knee in February 2007 and the on-the-job injury to his left knee on or about October 8, 2008, Smith became severely limited in his ability to walk. As a result of those injuries, Smith is substantially limited in the major life activity of walking.

XI.

After Smith filed the second workers' compensation claim with the Defendant's workers' compensation insurance carrier, the Defendant, through his supervisor, Mr. Bradford, and the assistant superintendent, Mrs. Linda Bradford, terminated Smith's employment with the Defendant on or about October 8, 2008. In the same meeting, after terminating Smith, Mrs. Bradford then immediately rehired Smith at a substantially reduced rate of job duties, responsibilities, and rate of pay, which resulted in a considerably lower salary. Because Smith desired to remain employed with the Defendant, especially in light of the continuing process of his recovering from his injuries, his need for continued health benefits and no other alternatives for employment, Smith accepted the new position without incident.

XII.

Smith continued working in the new position that he was given in October 2008 in an exemplary manner at all times. On or about January 13, 2009, he entered the hospital to have his knee replacement on his right knee. On or about January 20, 2009, Mrs. Bradford sent him a letter which he received on or about January 22, 2009. In that letter, Mrs. Bradford informed him that the Texas Workers' Compensation Report stated that Smith had reached maximum medical improvement (MMI) in his left knee and his benefits for his left knee were terminated. Mrs. Bradford also stated that the Defendant was expecting Smith's return to work, and if Smith

did not contact her, Mrs. Bradford would assume Smith abandoned his job with the Defendant. Immediately after receiving Mrs. January 20, 2009's letter, Smith contacted Mrs. Bradford on the phone on or about January 22, 2009, informed her that he had no intention whatsoever of abandoning his position and requested an accommodation from the Defendant to enable him to continue working with the Defendant. Smith's attorney at that time, Randall Hurr, also repeated Smith's intention to maintain his employment with the Defendant and Smith's request for an accommodation in a letter that he wrote dated January 23, 2009, again responding to Mrs. Bradford's January 20, 2009 letter. The Defendant failed to respond to Smith's January 22, 2009 request for an accommodation or Mr. Hurr's January 23, 2009 request for an accommodation pursuant to the American with Disabilities Act of 1990.

XIII.

On or about February 18, 2009, Mrs. Bradford sent Smith another letter stating that Smith had depleted all of his allocated sick and personnel days, that he was no longer covered under Workers' Compensation or qualified for leave under the Family & Medical Leave Act of 1993, and that beginning February 18, 2009, he was in full day dock for salary purposes. Mrs. Bradford again asked Smith to inform the Defendant of his intentions by February 23, 2009. As instructed, Smith attempted to contact Mrs. Bradford by phone to inform her of his intention to remain employed and to continue seeking a response to his January 22, 2009 request for an accommodation or Mr. Hurr's January 23, 2009 request for an accommodation. Based on Mrs. Bradford's failure to respond to his phone messages, Smith appeared at the Defendant's administrative office, to meet with Mrs. Bradford and inform her of his intention to continue his employment with the Defendant and to reiterate his January 2009 requests for an

accommodation. Mrs. Bradford refused to meet with Smith and again failed to respond to his requests for an accommodation pursuant to the ADA.

XIV.

On or about March 3, 2009, Mrs. Bradford sent Smith a last letter, acknowledging Smith's request for an accommodation. Rather than attempting to engage in the interactive process, Mrs. Bradford informed Smith that his employment with the Defendant was terminated.

XV.

Upon information and belief, at the time of Smith's termination on March 3, 2009, the Defendant had vacant positions for which Smith was qualified in light of his disability. Under the ADA, the Defendant was required to engage in the interactive process to determine where Smith could be reassigned or transferred.[1] The Defendant failed to engage in the interactive process in order to make that determination even though Smith requested an accommodation on January 22, 2009, January 23, 2009 and again on February 23, 2009. Defendant's decision not to provide Smith with an accommodation, and ultimately, to terminate his employment, was based on his disability. Hence, the Defendant's reason for terminating Smith's employment was a pretext for disability discrimination.

XVI.

Upon information and belief, at the time of Smith's termination, the Defendant had other employees with on-the-job injuries and/or disabilities who were never terminated like Smith was terminated first on October 8, 2008, and again on March 3, 2009. Smith was the only employee with an on-the-job injury and/or disability terminated by the Defendant. Smith is also the only

---

[1] *E.E.O.C. v. Chevron Phillips Chemical Co., L.P.*, 570 F.3d 606, 621 (5th Cir. 2009) (genuine issue of fact prevented summary judgment for employer where employee made a request for a reasonable accommodation, which made employer obligated by law to engage in an "interactive process:" "a meaningful dialogue with the employee to find the best means of accommodating that disability"); *see also* 29 C.F.R. § 1630.2 (o)(2); 29 C.F.R. § 1630.9; *Taylor v. Principal Financial Group, Inc.*, 93 F.3d 155, 164-65 (5th Cir. 1996)

employee with an on-the-job and/or disability who is African-American. Smith believes that his race, African-American, was a factor in the Defendant's decision to terminate him on October 8, 2008 and again on March 3, 2009.

COUNT ONE—RACE DISCRIMINATION

XVII.

Smith realleges and reincorporates the allegations contained in Paragraphs 1 through 16 as if fully contained herein.

XVIII.

Defendant's actions in connection with Smith's termination as described herein constitute unlawful discrimination on the basis of Smith's race in violation of 42 U.S.C. § 1981.

XIX.

As a result of the Defendant's actions, Smith has suffered pecuniary losses, including but not limited to lost wages and other benefits associated with his employment.

XX.

As a further result of the Defendant's actions, Smith has also suffered non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. Smith is therefore entitled to compensatory damages.

XXI.

Defendant's actions were done with malice and/or reckless indifference to Smith's state and federally protected rights. Smith is therefore entitled to punitive damages.

XXII.

Smith seeks attorneys' fees and costs of suit under 42 U.S.C. § 1988.

## COUNT TWO—DISABILITY DISCRIMINATION

### XXIII.

Smith repeats and realleges and reincorporates the allegations contained in Paragraphs 1 through 22 as if fully contained herein. Smith has satisfied all the jurisdictional prerequisites in connection with these claims under the ADA. Specifically, he has filed a charge asserting employment discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission, alleging that Defendant's termination of Smith was in violation of federal and state laws prohibiting disability discrimination in employment. The Equal Employment Opportunity Commission issued a notice of right to sue letter, and this action is being brought within ninety (90) days of Smith's receipt of such notice. Hence, Smith has satisfied all jurisdictional prerequisites in connection with his claim under the ADA.

### XXIV.

Smith has a disability as that term is defined in 42 U.S.C. § 12102(2).

### XXV.

Defendant's termination of Smith was because of his disability, in violation of 42 U.S.C. § 12112(a).

### XXVI.

Defendant's termination of Smith constitutes intentional discrimination.

### XXVII.

As a result of the Defendant's termination of Smith, Smith has incurred lost wages, both past and future, including the value of fringe benefits. Court-ordered reinstatement of Smith with the Defendant is neither feasible nor workable. Additionally, Smith is entitled to receive his attorneys' fees and costs of Court.

XXVIII.

As a further result of the Defendant's termination of Smith, Smith has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Accordingly, Smith is entitled to compensatory damages under Section 102 of the Civil Rights Act of 1991.

XXIX.

Defendant's discriminatory actions as described above were made with malice or reckless indifference to the federally protected rights of Smith. Accordingly, Smith is entitled to punitive damages.

COUNT THREE—RETALIATION UNDER THE TEXAS WORKERS' COMPENSATION ACT

XXX.

Smith repeats and realleges and reincorporates the allegations contained in Paragraphs 1 through 29 as if fully contained herein.

XXXI.

Defendant committed unlawful employment practices against Smith because the Defendant terminated Smith after he engaged in activity protected under the TEX. LAB. CODE Chapter 451, specifically when the Defendant terminated his employment first on or about October 8, 2008, and against when the Defendant terminated his employment the final time on or about March 3, 2009.

XXXII.

The effect of the Defendants' unlawful employment practices against Smith was to deprive Smith of equal employment opportunities, and otherwise adversely affect his status as an employee, because of his engagement in protected activity.

## XXXIII.

Smith's claim for retaliation under the TEX. LAB. CODE was originally filed in state court. Smith will nonsuit those claims filed in state court

WHEREFORE, Plaintiff Johnny Smith respectfully prays that this Court advance this case on the docket, order a speedy jury trial at the earliest practicable date, cause the action to be in every way expedited, and, upon final hearing, Smith have:

1. Judgment against the Defendant for Smith's lost wages and benefits, both back pay and front pay;

2. Judgment against the Defendant for compensatory and punitive damages;

3. Judgment against the Defendant ordering the Defendant to take such other reasonable actions as may be necessary to remedy the effects of the Defendant's violation of the 42 U.S.C. § 1981 and the American with Disabilities Act;

4. In the alternative to front pay, judgment against the Defendant, reinstating Smith to his former position, an equivalent position of employment, or the position of employment he would have enjoyed but for the discrimination if the Court finds this feasible;

5. Pre-judgment interest at the appropriate legal rate on all amounts awarded;

6. Interest after judgment at the rate of 10% per annum until paid;

7. Judgment against the Defendant for Smith's reasonable attorneys' fees;

8. Costs of suit; and

9. Such other and further relief to this Smith may be justly entitled.

Respectfully submitted,

**ANDREW JEE, P.C.**

*Andrew Jee*
_____

Andrew Jee
aj@andrewjee.com
Texas Bar No. 24047532
Sonja J. McGill
smcgill@sumnerschick.com
Texas Bar No. 24007648
Colin S. Sherrod
csherrod@andrewjee.com
Texas Bar No. 24066061
3838 Oak Lawn Avenue, Suite 400
Dallas, Texas 75219
Tel.:   214/965-0011
Fax.:   214/965-9215

**ATTORNEYS FOR PLAINTIFF JOHNNY SMITH**

### JURY DEMAND

Plaintiff hereby makes demand for a trial by jury on all claims in this action.

*Andrew Jee*
_____

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

RECEIVED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT WORTH DIVISION

2009 OCT 19 AM 10:09

CLERK OF COURT

**I. (a) PLAINTIFFS**
Johnny Smith

**DEFENDANTS**
Mineral Wells Independent School District

4-09 CV-619-Y

**(b)** County of Residence of First Listed Plaintiff: Palo Pinto
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Palo Pinto
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Andrew Jee, Andrew Jee, P.C., 3838 Oak Lawn Ave, Ste 400, Dls, TX 75219, 214-965-0011

Attorneys (If Known)
Robert Padgett, Henslee Schwartz, LLP, 306 W. 7th St, Ste 1045 Ft Worth, TX 76102, 817-810-0717

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  |  | ☐ 465 Other Immigration Actions |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101 et seq.
Brief description of cause:
Employment matter alleging failure to provide reasonable accommodation

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE                          DOCKET NUMBER

DATE: 10/16/2009
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # FW9743   AMOUNT 350   APPLYING IFP _____   JUDGE Y   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:    U.S. Civil Statute: 47 USC 553
                                                                                Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

## Civil Filing Notice - Fort Worth Division

CIVIL ACTION NO: **4-09 CV-619-Y**

This case has been assigned to District Judge: _____

(Complete if applicable)
TRANSFERRED FROM: _____   DATE FILED: _____

Civil cases are assigned to a judge by random draw. A docket clerk for each judge maintains the recording of documents filed with the Clerk. A complete list of phone numbers for both the judges' chambers and the docket clerks is provided.

| Judge | Court Settings | Pleadings Filed |
|---|---|---|
| (A) Judge John H. McBRYDE | (817)850-6650 | (817)850-6611 |
| Even Cases: 850-6652   Odd Cases: 850-6653 | | |
| (Y) Judge Terry R. MEANS | (817)850-6673 | (817)850-6612 |
| (BE) Magistrate Judge Charles BLEIL | (817)850-6690 | (817)850-6697 |

For access to local rules, attorney admission information, frequently asked questions, common forms, filing instructions, and records information, please visit our web site at **www.txnd.uscourts.gov**. To speak to someone in the district clerk's office, please call (817) 850-6601.

To receive electronic access to court docket sheets and filed documents, contact the PACER Service Center at **www.pacer.pcs.uscourts.gov** or by phone at 1-800-676-6856 for a log-in and password.